IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOE NATHAN JACKSON, JR.;
and CHANDRA L. JACKSON                                                         PLAINTIFFS

      v.                            Civil No. 11-2226

CHARLES WESTCOTT;
RACHEL J. SIMS; and
OFFICER CARSON ADDIS                                                          DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Joe Nathan Jackson, Jr., and his wife, Chandra L. Jackson, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The motion for leave to proceed *in forma pauperis* and motion for service are pending before me. Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP. 28 U.S.C. § 1915(e)(2).

### Background

According to the allegations of the complaint, Plaintiffs made arrangements to rent a house located at 1305 North 41st Street in Fort Smith, Arkansas, from Charles Westcott. Plaintiffs were to pay the first and last months rent and a $300 security deposit for a total amount of $1400 to move into the property. The day they rented the property, Plaintiffs indicate Westcott left a note asking them to perform various chores around the house including painting and replacing or repairing blinds. Plaintiffs were given credit against the amount owed for this work and for agreeing to put a washer and dryer in the home.

Plaintiffs were unable to pay the full $1400 and in October and in November continued to have difficulty paying the full amount due. On November 1st, they found a notice on the door about having

left their two dogs in the home alone. Plaintiffs also found a notice of eviction.

According to Plaintiffs, Westcott, had his friend, Rachel Sims, remove everything valuable from the home. Plaintiffs allege that Westcott was advised by the police to remove any valuable property. Plaintiffs indicate they only received a portion of their property back. They indicate they want Sims charged with theft.

It is unclear what she was charged with but Chandra Jackson was arrested on November 2nd. The arresting officer was Carson Addis.

## Discussion

In reviewing an *in forma pauperis* application, there is a two step process followed by the court. First, a determination of whether the plaintiff qualifies by economic status under § 1915(a)(1) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915(e)(2)(B)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.).

An IFP application has been submitted by Chandra Jackson. Review of the application indicates that Chandra Jackson is eligible for IFP status.

However, this case is subject to dismissal. "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981).

First, the claims asserted against Westcott and Sims are subject to dismissal. The use of state procedures for evicting tenants is not considered "state action." *Jones v. Gutschenriter*, 909 F.2d 1208, 1214 (8th Cir. 1990). In other words, the landlord and others involved in eviction procedures do not act under color of law. *Id.*

Second, the claims against Officer Addis are subject to dismissal because they are identical to claims asserted by Chandra Jackson in *Jackson v. Addis*, Civil No. 11-2225. The complaint has been served in that case and Officer Addis has filed an answer.

## Conclusion

I therefore recommend that this case be dismissed on the grounds that the claims are frivolous, fail to state claims on which relief can be granted, or are duplicative of claims asserted in another case. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

**Plaintiffs have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiffs are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of January 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE